IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE L. JOHNSON,

    Petitioner,

vs.                               Case No. 4:10cv295-SPM/WCS

WALTER McNEIL,

    Respondent.

                                /

## REPORT AND RECOMMENDATION OF DISMISSAL

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and supporting memorandum. Docs. 1 and 3. Pursuant to court order, doc. 3, the filing fee was paid.

Petitioner indicates that he took a direct appeal of the judgment at issue here, the mandate was issued on December 29, 2003, and that he did not file a motion for rehearing or a petition for writ of certiorari. Doc. 1, p. 2. See also Ex. O to doc. 1, at p. 56 in ECF (electronic case filing) (order, noting that the mandate issued on December 29, 2003). Petitioner claims he filed a Fla.R.Crim.P. 3.850 motion on January 9, 2004, which he voluntarily dismissed; then filed a second Rule 3.850 motion on October 29,

2004.  *Id.*, pp. 3-4.  This motion was denied on January 13, 2005, and Petitioner did not appeal.  *Id.*, p. 4.  Petitioner then filed a third Rule 3.850 motion on July 22, 2005, which was dismissed on September 13, 2005, and Petitioner did not appeal.  *Id.*, p. 5.[1]

Although not indicated on the § 2254 form, research reveals that Petitioner filed a petition for writ of habeas corpus in the state appellate court on February 16, 2006, and the petition was denied on April 4, 2006.  Case No. 1D06-738.[2]

Petitioner filed yet another Rule 3.850 motion alleging newly discovered evidence on January 7, 2009, which was denied on January 4, 2010.  Doc. 1, pp. 5-6.  Petitioner states that he did appeal.  According to the docket in case 1D10-313, Petitioner filed a Rule 3.850 appeal on January 21, 2010, and the mandate was issued on June 3, 2010.

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  There are other possible commencement dates, including "the date on which the factual predicate of the claim or claims presented could have

---

[1] The order denying Petitioner's fourth Rule 3.850 motion states that four of five claims raised in his first 3.850 motion, filed January 15, 2004, were dismissed on April 27, 2004, and the fifth claim was denied (following a hearing) on June 23, 2004.  Doc. 1, p. 56 in ECF.  The second 3.850 motion was filed on November 4, 2004, and denied on January 18, 2005.  *Id.*  The third was filed on July 26, 2005, and denied on September 13, 2005.  Presumably the dates supplied by Petitioner are the dates he sent the motions, whereas the court was referring to the dates they were filed by the state court clerk.  This court relies on the earlier filing dates as supplied by Petitioner.

[2] Dockets of the Florida First District Court of Appeal are available online at www.1dca.org.

Case No. 4:10cv295-SPM/WCS

been discovered through the exercise of due diligence." § 2244(d)(1)(D).[3] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

Even if none of the one year period had elapsed before the petition for writ of habeas corpus was denied by the state appellate court on April 4, 2006, some two years and nine months went by before Petitioner filed his Rule 3.850 motion on January 9, 2009. Moreover, the motion filed on January 9, 2009, could not toll the time (even if there were time remaining to toll[4]) because it was untimely. Specifically, the state court found that the records relied on by Petitioner did not qualify as newly discovered evidence, and concluded that the fourth Rule 3.850 motion was untimely, successive, and an abuse of process. *Id.*, pp. 57-58. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005), *quoting* Carey v. Saffold, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). *See also*

---

[3] The other two possible dates for commencement of the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed and the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review. § 2244(d)(1)(B) and (C).

[4] *See* Tinker v. Moore, 255 F.3d 1331, 1333, 1335 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

been discovered through the exercise of due diligence." § 2244(d)(1)(D).[3] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

Even if none of the one year period had elapsed before the petition for writ of habeas corpus was denied by the state appellate court on April 4, 2006, some two years and nine months went by before Petitioner filed his Rule 3.850 motion on January 9, 2009. Moreover, the motion filed on January 9, 2009, could not toll the time (even if there were time remaining to toll[4]) because it was untimely. Specifically, the state court found that the records relied on by Petitioner did not qualify as newly discovered evidence, and concluded that the fourth Rule 3.850 motion was untimely, successive, and an abuse of process. *Id.*, pp. 57-58. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005), *quoting* Carey v. Saffold, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). *See also*

---

[3] The other two possible dates for commencement of the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed and the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review. § 2244(d)(1)(B) and (C).

[4] *See* Tinker v. Moore, 255 F.3d 1331, 1333, 1335 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Allen v. Siebert, 552 U.S. 3, 7, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007) (quoting this language and reiterating the holding of Pace).

Assuming the one year could have commenced sometime around November of 2008,[5] the fourth 3.850 motion was not properly filed, so that proceeding (through the appeal and mandate in 2010) did not toll the period. The § 2254 petition was filed on July 11, 2010, the date of Petitioner's signature and delivery to prison officials for mailing. Doc. 1, p. 14 in ECF.

The § 2254 petition should be summarily dismissed as untimely. Further, Petitioner is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. § 2253(c)(2); *see also* § 2254 Rule 11(a) (the district court must issue or deny a certificate of appealability under § 2253(c)(2) when entering a final order adverse to habeas corpus petitioner).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 1) be **SUMMARILY DISMISSED** as untimely, and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2010.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Petitioner provides a request for public records dated November 5, 2008, and the response by letter (with attached 2002 records) dated November 12, 2008. Doc. 1, Exs. M and N (pp. 44-54 in ECF). He argues that the information was concealed from him until 2008. Doc. 1, p. 11 in ECF; is

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**